UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON GREENSPAN,

*Plaintiff,*

v.                                                                          Civil Action No. 22-0216 (APM)

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

*Defendant.*

## ANSWER

Defendant, the United States Securities and Exchange Commission ("SEC"), by and through

undersigned counsel, respectfully files this Answer to the Freedom of Information Act ("FOIA")

Complaint filed by Plaintiff, Aaron Greenspan, on January 27, 2021 (ECF No. 1).

To the extent the Complaint refers to or quotes from external documents, statutes, or other

sources, Defendant may refer to such materials for their accurate and complete contents in response;

however, Defendant's references are not intended to be, and should not be construed to be, an

admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to

this, or any other, action; or (c) are admissible in this, or any other, action.  Defendant expressly

denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified

in this Answer.  Defendant answers the Complaint in like numbered paragraphs as follows:

## COMPLAINT[1]

1.        The allegations in the first sentence constitute Plaintiff's characterization of the

Complaint and do not require a response from Defendant.  To the extent a response is required,

---

[1]        Merely for ease of reference, Defendant replicates the headings contained in the Complaint.
Although Defendant believes that no response is required to such headings, to the extent a response
is deemed required and to the extent those headings and titles could be construed to contain factual
allegations, those allegations are denied.

Defendant denies the allegations.

## PARTIES

2.        Defendant admits the allegations in the first sentence.  This remainder of this paragraph constitutes Plaintiff's characterizations of Plaintiff, Andrew Greenspan, and of the website PlainSite, to which no response is required.  To extent a response is necessary, Defendant lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

3.        Defendant admits that that the SEC is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1)

## JURISDICTION AND VENUE

4.        Defendant admits that the Court has jurisdiction over this FOIA matter.

5.        Defendant admits that venue is proper in this judicial district.

## APRIL 16, 2021, FOIA REQUEST (THESTREET.COM)

6.        The first sentence of this paragraph refers to correspondence dated April 16, 2021, attributed to Plaintiff.  The second sentence of this paragraph refers to correspondence attributed to Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

7.        Defendant admits that the SEC sent a letter to Plaintiff dated June 15, 2021.  This paragraph refers to correspondence dated June 15, 2021, attributed to Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

8.        Defendant admits that the SEC sent a letter to Plaintiff dated June 15, 2021.  This paragraph refers to correspondence dated June 15, 2021, attributed to Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

9.      This paragraph refers to e-mail correspondence dated June 21, 2021, attributed to Plaintiff.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

10.      Defendant admits that the SEC sent an e-mail to Plaintiff dated June 21, 2021.  This paragraph refers to e-mail correspondence dated June 21, 2021, attributed to Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

11.      This paragraph refers to e-mail correspondence dated December 10, 2021, attributed to Plaintiff.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

12.      Defendant admits that the SEC sent an e-mail to Plaintiff dated December 10, 2021.  This paragraph refers to correspondence dated December 13, 2021, attributed to Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

13.      This paragraph consists of conclusions of law, to which no response is required.  To the extent further response is deemed required, Defendant denies the allegations.

14.      This paragraph consists of conclusions of law, to which no response is required.  To the extent further response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

### JANUARY 12, 2021, FOIA REQUEST (BRADLEY BONDI)

15.      This first sentence of this paragraph refers to correspondence dated January 12, 2021, attributed to Plaintiff.  The second sentence of this paragraph refers to correspondence dated January 13, 2021, attributed to Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent

3

characterizations thereof.

16.     Defendant admits that the SEC sent a letter to Plaintiff dated January 13, 2021, and that it assigned Plaintiff's FOIA Request the tracking number 21-00677-FOIA.   Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

17.     Admit.

18.     Defendant admits that the SEC sent Plaintiff e-mails dated August 6, 2021.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

19.     This paragraph refers to e-mail correspondence dated October 13, 2021, attributed to Plaintiff.   Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

20.     Defendant admits that it sent Plaintiff an email on October 14, 2021. Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

21.     Defendant admits that it sent Plaintiff an email on November 12, 2021.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

22.     This paragraph refers to e-mail correspondence dated December 12, 2021, attributed to Plaintiff.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

23.     Defendant admits that it sent Plaintiff an email on December 22, 2021.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

24.     This paragraph refers to e-mail correspondence dated December 22, 2021, attributed to Plaintiff.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and deny any inconsistent characterizations thereof.

25.     This paragraph consists of conclusions of law, to which no response is required.  To the extent further response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

## OCTOBER 6, 2021, FOIA REQUEST (ROBOTS.TXT LINE 89)

26.     This first sentence of this paragraph refers to correspondence attributed to Plaintiff. The second sentence of this paragraph refers to correspondence dated October 6, 2021, attributed to Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and deny any inconsistent characterizations thereof.

27.     This paragraph consists of Plaintiff's characterizations and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

28.     This paragraph consists of Plaintiff's characterizations and does not set forth a claim for relief or aver facts in support of a claim, and thus, no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

29.     Defendant admits that the SEC sent a letter to Plaintiff dated October 6, 2021, and that it assigned Plaintiff's FOIA Request the tracking number 22-00028-FOIA.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

30.     Defendant admits that it sent Plaintiff a letter on November 30, 2021.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

31.     This paragraph refers to e-mail correspondence dated November 30, 2021, attributed to Plaintiff.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

32.     This paragraph refers to e-mail correspondence dated December 10, 2021, attributed to Plaintiff.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

33.     Defendant admits that it sent Plaintiff an e-mail on December 13, 2021.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

34.     This first sentence of this paragraph refers to correspondence attributed to Plaintiff. The second sentence of this paragraph refers to correspondence dated January 14, 2022, attributed to Defendant.  Defendant admits that it sent Plaintiff an e-mail on January 14, 2022. Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

35.     This paragraph consists of conclusions of law, to which no response is required.  To the extent a further response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

### COUNT I – APRIL 16, 2021, FOIA REQUEST (THESTREET.COM), SEC'S FOIA VIOLATION

36.     Defendant incorporates by reference its responses set forth in Paragraphs 1 to 35 above.

37. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

38. Admit.

39. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

40. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT II – JANUARY 12, 2021, FOIA REQUESET (BRADLEY BONDI), SEC'S FOIA VIOLATION

41. Defendant incorporates by reference its responses set forth in Paragraphs 1 to 40 above.

42. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

43. Admit.

44. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

45. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT III – OCTOBER 6, 2021, FOIA REQUEST (ROBOTS.TEXT LINE 89), SEC'S FOIA VIOLATION

46. Defendant incorporates by reference its responses set forth in Paragraphs 1 to 45 above.

47. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

48. Admit.

49.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

50.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

### REQUESTED RELIEF

The remaining section of Plaintiff's complaint contains a request for relief and does not require a response. To the extent a response is deemed necessary, defendant denies that Plaintiff is entitled to any relief.

### DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### FIRST DEFENSE

Any document or information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552, *et seq.*

### SECOND DEFENSE

Plaintiff is not entitled to information or records protected from disclosure by one or more exemptions to the FOIA. 5 U.S.C. § 552.

### THIRD DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by the FOIA.

**FOURTH DEFENSE**

To the extent Plaintiff's FOIA requests seek materials that are not "agency records," or seek materials exempt from disclosure under the FOIA, the Court lacks subject matter jurisdiction to compel the agency to produce such materials.

**FIFTH DEFENSE**

Defendant has properly sought additional time to process and complete its review of documents potentially responsive to Plaintiff's FOIA requests as provided in 5 U.S.C. § 552(a)(6)(C).

Dated: March 21, 2022                          Respectfully submitted,

                                               MATTHEW M. GRAVES
                                               United States Attorney
                                               D.C. Bar No. 481052

                                               BRIAN P. HUDAK
                                               Acting Chief, Civil Division

                                    By:        /s/ T Anthony Quinn
                                               T. ANTHONY QUINN
                                               D.C. Bar No. 415213
                                               Assistant United States Attorney
                                               Civil Division
                                               555 Fourth Street, NW
                                               Washington, D.C. 20530
                                               (202) 252-7558
                                               tony.quinn2@usdoj.gov

                                               *Counsel for Defendant*

9